

SUPPRESSED
FILED

FEB 22 2018

*U.S.* DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **4:18CR00161 CDP/DDN** |
| | ) | |
| BABATUNDE OLUSEGUN TAIWO | ) | [18 U.S.C. § 286; |
| a/k/a "Tunde" | ) | 18 U.S.C. § 1341; |
| a/k/a "Tunde Segun" | ) | 18 U.S.C. § 1343; |
| a/k/a "Tunde Hansar Tee" | ) | 18 U.S.C. § 1029(a)(2); |
| | ) | 18 U.S.C. § 1028A(a)(1)] |
| Defendant. | ) | |
| | ) | **INDICTMENT** |

The Grand Jury charges that:

*INTRODUCTION*

At times relevant to this Indictment:

1.    Defendant BABATUNDE OLUSEGUN TAIWO ("TAIWO"), also known as

Tunde, Tunde Segun, and Tunde Hansar Tee, resided in St. Louis, Missouri.

2.    Kevin Kunlay Williams ("Williams"), also known as Kunlay Sodipo, resided in

St. Louis, Missouri.

3.    The Internal Revenue Service ("IRS") was an agency of the United States

Department of the Treasury responsible for administering the tax laws of the United States and

collecting taxes owed to the United States.

4.    An Electronic Filing Identification Number ("EFIN") was a number assigned by

the IRS to tax preparers who became authorized IRS e-file providers. The EFIN number was

needed by the preparers to electronically file tax returns.

5.      A "means of identification" was any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including a name, Social Security number, date of birth, or an access device.

6.      An "access device" was any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access, that could be used alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that could be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument), such as a debit card.

7.      Company A provided flexible office workspace in multiple cities across the United States for use by customers on a yearly, monthly, daily, or hourly basis.  Company A, on request, provided additional business services to its customers, including mail forwarding services.

8.      Company B assisted tax preparation businesses by providing tax-related bank products and related services.  These bank products allowed a tax preparation business to direct a client's tax refund to be printed as a check by the tax preparation business or to fund a debit card or be deposited into to a bank account.  As part of its services, Company B mailed blank check stock and debit cards to tax preparation businesses for their use in paying tax refunds.

## COUNT ONE
(Conspiracy to Defraud the Government with Respect to Claims)

9.      The factual allegations contained in Paragraphs 1 through 8 of this Indictment are realleged and incorporated herein as if copied verbatim.

10. Beginning in or about August 2015, and continuing until in or about February 2017, within the Eastern District of Missouri and elsewhere, Defendant BABATUNDE OLUSEGUN TAIWO, Kevin Kunlay Williams, and others, both known and unknown to the grand jury, unlawfully and knowingly agreed, combined, and conspired with each other to defraud the United States by obtaining and aiding to obtain the payment and allowance of false, fictitious, and fraudulent claims.

*MANNER AND MEANS*

11. Defendant TAIWO and others, both known and unknown to the grand jury, would and did access without authorization the payroll information of employees of various public school systems from a payroll company.

12. Defendant TAIWO and others, both known and unknown to the grand jury, would and did send email correspondence to various companies in which they concealed their identity and represented to be employees of the companies. The emails requested that the companies send their employees' IRS Forms W-2, Wage and Tax Statements, to the Defendant and others.

13. Defendant TAIWO would and did receive email correspondence from others, both known and unknown to the grand jury, containing IRS Forms W-2 and means of identification of individuals, including their names and Social Security numbers.

14. Defendant TAIWO, Williams and others, both known and unknown to the grand jury, would and did obtain, without authorization, information related to EFINs issued in the names of several tax preparers, including EFINs assigned to R.H. and D.R.

15. Defendant TAIWO would and did direct Williams to arrange for mail forwarding services with Company A in the names of tax preparation businesses and tax preparers, without

-3-

their knowledge or authorization.  These services with Company A were opened in multiple cities in the United States, including Reno, Nevada and Salt Lake City, Utah.

16.      Defendant TAIWO and others, both known and unknown to the grand jury, would and did apply for bank products through Company B in the names of the tax preparation businesses without their knowledge or authorization and direct that Company B mail debit cards and blank check stock to Company A.

17.      Defendant TAIWO would and did direct Williams to contact Company A to have mail forwarded to Williams's residence in St. Louis, Missouri.

18.      Defendant TAIWO, Williams, and others, both known and unknown to the grand jury, would and did obtain debit cards and check stock mailed to Williams's residence.

19.      Defendant TAIWO and others, both known and unknown to the grand jury, would and did use without authorization the means of identification and the payroll information of individuals to prepare and electronically file false income tax returns with the IRS.  Defendant TAIWO and others filed and caused to be filed over 2,000 false federal income tax returns that claimed over $12 million in tax refunds.

20.      Defendant TAIWO and others, both known and unknown to the grand jury, would and did direct the anticipated tax refunds to debit cards, to bank accounts, and to companies, such as Company B, that in turn issued the refunds via checks or debit cards.

21.      Defendant TAIWO and others, both known and unknown to the grand jury, would and did cause fraudulently issued tax refund checks to be cashed at a check cashing business located in Texas.

-4-

22.     Defendant TAIWO, Kevin Williams, and others, both known and unknown to the grand jury, would and did use debit cards that were funded with fraudulently issued tax refunds to withdrawal cash from Automated Teller Machines (ATM) in and around St. Louis, Missouri and elsewhere.

23.     Defendant TAIWO and others, both known and unknown to the grand jury, would and did take steps to conceal the existence of the scheme by, among other things, using computer software to conceal the location of from which fraudulent tax returns were filed.

*ACTS IN FURTHERANCE OF THE CONSPIRACY*

24.     To accomplish the objectives of the conspiracy, in the Eastern District of Missouri and elsewhere, and in furtherance thereof, Defendant BABATUNDE OLUSEGUN TAIWO and others, both known and unknown to the grand jury, committed, among others, the following acts:

25.     On several dates on or after August 1, 2015, with the precise dates being unknown to the grand jury, Defendant TAIWO obtained the EFINs issued to certain tax preparation businesses.

26.     On or about September 17, 2015, Williams, at the direction of Defendant TAIWO, arranged mail forwarding services with Company A in the name of a tax preparation business with an EFIN assigned to R.H.

27.     On or about September 28, 2015, Defendant TAIWO and others, both known and unknown to the grand jury, opened an account with Company B to provide services to a tax preparation business, using an EFIN assigned to R.H. and a shipping address belonging to Company A's office in Salt Lake City, Utah.

-5-

28.     On or about October 16, 2015, Williams, at the direction of Defendant TAIWO, arranged mail forwarding services with Company A in the name of a tax preparation business with an EFIN assigned to D.R.

29.     On or about October 21, 2015, Defendant TAIWO and others, both known and unknown to the grand jury, opened an account with Company B to provide services to a tax preparation business, using an EFIN assigned to D.R. and a shipping address belonging to Company A's office in in Reno, Nevada.

30.     On or about each date listed below, Defendant TAIWO and others, both known and unknown to the grand jury, directed Company B to ship blank check stock and debit cards to Company A's offices in the name of an EFIN holder, as specified below:

| Paragraph | Date | Location | EFIN Holder |
|-----------|------|----------|-------------|
| 31. | 09/28/2015 | Salt Lake City, Utah | R.H. |
| 32. | 10/22/2015 | Reno, Nevada | D.R. |
| 33. | 02/04/2016 | Reno, Nevada | D.R. |
| 34. | 02/12/2016 | Salt Lake City, Utah | R.H. |
| 35. | 03/04/2016 | Salt Lake City, Utah | R.H. |
| 36. | 03/09/2016 | Reno, Nevada | D.R. |
| 37. | 03/24/2016 | Salt Lake City, Utah | R.H. |
| 38. | 04/14/2016 | Reno, Nevada | D.R. |

39.     On several dates between September 2015 and May 2016, Williams, at the direction of Defendant TAIWO, instructed Company A to forward items mailed from Company B to Williams's residence in St. Louis, Missouri.

40.     On several dates on or after August 1, 2015, with the precise dates being unknown to the grand jury, Defendant TAIWO obtained the means of identification of Alabama and Mississippi public school employees, including their names, dates of birth, and Social Security numbers.

41.     On or about March 2, 2016, Defendant TAIWO received an email that contained IRS Forms W-2 of Company C's employees, including the information for R.D. and H.C.

42.     On or about March 2, 2016, Defendant TAIWO received an email that contained IRS Forms W-2 of Company D's employees, including the information for D.L.

43.     On or about March 8, 2016, Defendant TAIWO received an email that contained the means of identification of several individuals, including employees of Alabama public schools.  That email directed debit cards in those names to be sent to addresses in Oregon.

44.     Defendant TAIWO and others, both known and unknown to the grand jury, prepared and filed, and caused to be prepared and filed, a false 2015 federal income tax return in the name of each of the following individuals whose initials are listed below, on or about the date and claiming a refund in the amount listed below:

| Paragraph | Initials | Date Filed | Refund Claimed |
|-----------|----------|------------|----------------|
| 45.       | M.C.     | 01/27/2016 | $9,714         |
| 46.       | K.W.     | 01/27/2016 | $9,661         |
| 47.       | K.B.     | 02/01/2016 | $5,591         |

| Paragraph | Initials | Date Filed | Refund Claimed |
|-----------|----------|------------|----------------|
| 48. | A.A. | 02/07/2016 | $9,831 |
| 49. | J.M. | 02/10/2016 | $5,626 |
| 50. | N.M. | 02/29/2016 | $3,752 |
| 51. | E.S. | 02/29/2016 | $4,290 |
| 52. | S.A. | 02/29/2016 | $3,957 |
| 53. | A.L. | 02/29/2016 | $4,536 |
| 54. | B.T. | 02/29/2016 | $4,010 |
| 55. | J.P. | 03/01/2016 | $3,200 |
| 56. | R.D. | 03/02/2016 | $6,112 |
| 57. | H.C. | 03/02/2016 | $8,613 |
| 58. | S.H. | 03/04/2016 | $7,300 |
| 59. | D.L. | 03/05/2016 | $6,609 |

60.     On or about the dates listed below, Defendant TAIWO and Williams used debit cards to make cash withdrawals from ATMs located in or around St. Louis, Missouri. The debit cards were funded by fraudulent tax refunds in the names of the individuals whose initials are listed below:

| Paragraph | Initials | Dates of Withdrawal |
|-----------|----------|---------------------|
| 61. | A.A. | March 4 and 5, 2016 |
| 62. | N.M. | March 8 and 9, 2016 |
| 63. | E.S. | March 8, 9, and 10, 2016 |
| 64. | R.D. | March 16, 17, and 18, 2016 |
| 65. | D.L. | March 16, 17, and 18, 2016 |

66.     On several dates in April and May 2016, Defendant TAIWO and others, both known and unknown to the grand jury, printed tax refund checks using check stock provided by Company B.

67.     In December 2016 and January 2017, Defendant Taiwo sent text messages to Williams regarding tax preparation businesses and tracking numbers for shipments.

All in violation of Title 18, United States Code, Section 286.

## COUNTS TWO THROUGH FOUR
(Mail Fraud)

68.     The factual allegations contained in Paragraphs 1 through 8 of this Indictment are realleged and incorporated herein as if copied verbatim.

*OFFENSE*

69.     From in or about August 2015 through in or about February 2017, within the Eastern District of Missouri and elsewhere, Defendant BABATUNDE OLUSEGUN TAIWO, having knowingly and intentionally devised and participated in a scheme and artifice to defraud, with knowledge of its fraudulent nature, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, caused to be placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the United

States Postal Service ("Postal Service") and by a private or commercial interstate carrier, and did take and receive matters and things that had been delivered.

*THE SCHEME AND ARTIFICE*

70.     The factual allegations contained in Paragraphs 11 through 23 of this Indictment are realleged and incorporated herein as if copied verbatim.

*THE MAILINGS*

71.     On or about each date listed below, in the Eastern District of Missouri and elsewhere, the Defendant BABATUNDE OLUSEGUN TAIWO, for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud, knowingly caused to be placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service and by a private or commercial interstate carrier and did take and receive matters and things that had been delivered, as described below:

| Count | Date of Mailing | Mailed From | Mailed To | Description of Contents |
|-------|-----------------|-------------|-----------|-------------------------|
| TWO | 1/04/2016 | Salt Lake City, Utah | Alberta Street, St. Louis, MO | Check Stock and Debit Cards |
| THREE | 3/15/2016 | Reno, Nevada | Alberta Street, St. Louis, MO | Debit Cards |
| FOUR | 4/28/2016 | Reno, Nevada | Alberta Street, St. Louis, MO | Check Stock |

All in violation of Title 18, United States Code, Section 1341.

**COUNTS FIVE THROUGH NINE**
(Wire Fraud)

72.     The factual allegations contained in Paragraphs 1 through 8 of this Indictment are realleged and incorporated herein as if copied verbatim.

73.     From in or about August 2015 through in or about May 2016, within the Eastern District of Missouri and elsewhere, Defendant BABATUNDE OLUSEGUN TAIWO, having knowingly and intentionally devised and willfully participated in a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, caused to be transmitted by means of wire communication in interstate commerce, communications, signals, and writings, to wit: electronically filed tax returns.

### THE SCHEME AND ARTIFICE

74.     The factual allegations contained in Paragraphs 11 through 23 of this Indictment are realleged and incorporated herein as if copied verbatim.

75.     It was further part of the scheme and artifice that Defendant TAIWO and others, both known and unknown to the grand jury, would and did use means of identification of others, without their knowledge or authorization, to prepare and electronically file fraudulent federal income tax returns. Those tax returns were filed from locations within the Eastern District of Missouri and transmitted across state lines to be processed by the IRS.

### THE WIRE COMMUNICATIONS

76.     On or about each date listed below, in the Eastern District of Missouri and elsewhere, Defendant BABATUNDE OLUSEGUN TAIWO, for the purpose of executing the scheme and artifice to defraud, transmitted, and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds as described for each count below:

-11-

| Count | Date of Offense | Wire Communication |
|-------|-----------------|--------------------|
| FIVE | 01/27/2016 | Electronically filed tax return in the name of K.W. claiming a tax refund of $9,661 |
| SIX | 02/01/2016 | Electronically filed tax return in the name of K.B. claiming a tax refund of $5,591 |
| SEVEN | 02/11/2016 | Electronically filed tax return in the name of J.M. claiming a tax refund of $5,626 |
| EIGHT | 03/02/2016 | Electronically filed tax return in the name of R.D. claiming a tax refund of $6,112 |
| NINE | 03/04/2016 | Electronically filed tax return in the name of S.H. claiming a tax refund of $7,300 |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS TEN THROUGH FOURTEEN
(Access Device Fraud)

77. The factual allegations contained in Paragraphs 1 through 8 of this Indictment are realleged and incorporated herein as if copied verbatim.

78. On or about the dates listed below, within the Eastern District of Missouri and elsewhere, Defendant BABATUNDE OLUSEGUN TAIWO, aided and abetted by others known and unknown to the grand jury, did knowingly and with the intent to defraud use an unauthorized access device, namely a debit card described below, and by such conduct did obtain a thing of value, namely, money, in the aggregate value of $1,000 or more, said use affecting interstate commerce:

| Count | Account Number Ending In | Name in Which Card Registered To | Dates of Withdrawal |
|-------|--------------------------|----------------------------------|---------------------|
| TEN | 86663 | A.A. | March 4 and 5, 2016 |
| ELEVEN | 69188 | N.M. | March 8 and 9, 2016 |
| TWELVE | 99607 | E.S. | March 8, 9, and 10, 2016 |
| THIRTEEN | 56798 | R.D. | March 16, 17, and 18, 2016 |
| FOURTEEN | 78598 | D.L. | March 16, 17, and 18, 2016 |

All in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## COUNTS FIFTEEN THROUGH TWENTY-SIX
(Aggravated Identity Theft)

79.     The factual allegations contained in Paragraphs 1 through 8 of this Indictment are

realleged and incorporated herein as if copied verbatim.

80.     On or about each date listed below, within the Eastern District of Missouri and

elsewhere, Defendant BABATUNDE OLUSEGUN TAIWO did knowingly possess, transfer,

and use, without lawful authority, the means of identification of another person during and in

relation to the offense in this Indictment identified as a Related Count below, that is, he

knowingly possessed, transferred, and used the name, Social Security number, and account

number of an actual person known to the grand jury, listed by his or her initials below, during

and in relation to committing mail fraud, wire fraud, and access device fraud:

| Count | Date of Offense | Related Count | Individual |
|---|---|---|---|
| FIFTEEN | 1/04/2016 | TWO | R.H. |
| SIXTEEN | 4/28/2016 | FOUR | D.R. |
| SEVENTEEN | 01/27/2016 | FIVE | K.W. |
| EIGHTEEN | 02/01/2016 | SIX | K.B. |
| NINETEEN | 02/11/2016 | SEVEN | J.M. |
| TWENTY | 03/02/2016 | EIGHT | R.D. |
| TWENTY-ONE | 03/04/2016 | NINE | S.H. |
| TWENTY-TWO | 03/05/2016 | TEN | A.A. |
| TWENTY-THREE | 03/09/2016 | ELEVEN | N.M. |
| TWENTY-FOUR | 03/10/2016 | TWELVE | E.S. |
| TWENTY-FIVE | 03/18/2016 | THIRTEEN | R.D. |

| Count | Date of Offense | Related Count | Individual |
|-------|-----------------|---------------|------------|
| TWENTY-SIX | 03/18/2016 | FOURTEEN | D.L. |

All in violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(4), (c)(5) and Section 2.

## FORFEITURE ALLEGATION

81.     The allegations contained in Counts Two through Nine of this Indictment are realleged and incorporated herein as if copied verbatim for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

82.     Upon conviction for the offenses alleged in Counts Two through Nine, the Defendant BABATUNDE OLUSEGUN TAIWO shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property constituting or derived from the proceeds said Defendant obtained directly or indirectly as a result of said offenses.

83.     If any of the property subject to forfeiture, as a result of any act or omission of the Defendant,

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided
                without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), up to the value of the forfeitable property described above.

A TRUE BILL:

_____

Foreperson

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney


_____

Michael Boteler
Grace Albinson
Trial Attorneys
United States Department of Justice
Tax Division